JEMMA E. DUNN
Nevada Bar No. 16891
MATTHEW T. HALE
Nevada Bar No. 16880
**GREENBERG GROSS LLP**
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
*JDunn@GGTrialLaw.com*
*MHale@GGTrialLaw.com*

Attorneys for Plaintiff
Amber Marie Graham

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

AMBER MARIE GRAHAM, an individual,

Plaintiff,

v.

AMBRY GENETICS CORPORATION, a Delaware corporation,

Defendant.

Case No.:

**COMPLAINT FOR DAMAGES**

**(1) DISCRIMINATION (N.R.S. § 613.330);**

**(2) DISCRIMINATION (42 U.S.C. § 12112 *et seq.*);**

**(3) RETALIATION (N.R.S. § 613.340);**

**(4) RETALIATION (42 U.S.C. § 12203 *et seq.*);**

**(5) FAILURE TO PROVIDE REASONABLE ACCOMMODATION;**

**(6) FMLA INTERFERENCE; and**

**(7) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.**

**DEMAND FOR JURY TRIAL**

Plaintiff Amber Marie Graham ("Plaintiff") alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiff's claims for damages arise, in part, under 29 CFR § 825.220, 42 U.S.C. § 12112 *et seq*., and 42 U.S.C. § 12203 *et seq*. The Court has supplemental jurisdiction over the remaining state statutory claims pursuant to 28 U.S.C. § 1367, given that all the claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to each of Plaintiff's claims occurred in Douglas County, Nevada.

**NATURE OF THE ACTION**

3. Ms. Graham was employed by genetics company Ambry Genetics Corporation as a Billing Specialist from April 2018 to July 2024. During her employment, Ms. Graham was a dedicated employee who suffered from multiple mental disabilities. Despite the company's initial approval of her leave, Ambry chose to cut short the interactive process and summarily deny Ms. Graham's request for an extension of her disability leave. In a blatant act of retaliation and discrimination, Ambry terminated Ms. Graham's employment under the false pretense of undue hardship.

**PARTIES**

4. Plaintiff is and was at all relevant times herein, a resident of Douglas County, Nevada.

5. Defendant Ambry Genetics Corporation ("Defendant" or "Ambry") is a Delaware corporation that conducts business in Douglas County, Nevada.

**FACTUAL ALLEGATIONS**

6. On or about April 18, 2018, Ms. Graham began working for Ambry as a Billing Specialist.

7. During her employment with Ambry, Ms. Graham suffered from multiple mental disabilities, including bipolar disorder, post-traumatic stress disorder, major depressive disorder,

generalized anxiety disorder, and obsessive-compulsive disorder.

8. Due to her disabilities, Ms. Graham required intermittent leave in order perform the essential functions of her position. In part, Ambry granted that leave. In particular, Ms. Graham took approved leave on July 1, 2024.

9. However, when Ms. Graham requested an extension of her disability leave to November 1, 2024, Ambry summarily denied her request for accommodation and cut short the interactive process.

10. On or about July 16, 2024, Ambry terminated Ms. Graham's employment on a false and pretextual basis, namely that her leave would impose an undue hardship on the $600 million company. In reality, Ms. Graham was terminated in retaliation for her requests of accommodation and disability leave and in discrimination on the bases of her disabilities.

11. *Plaintiff's protected statuses and activity*: Plaintiff suffered from multiple mental disabilities and serious health conditions, of which Ambry was made aware. Plaintiff requested various accommodations for her disabilities and took partial disability and FMLA leave as such an accommodation, until Ambry summarily terminated Plaintiff's employment and cut short the interactive process.

12. *Punitive damages*: Plaintiff is entitled to punitive damages. (42 U.S.C. § 1981a(b); Nevada Revised Statute ("N.R.S.") 42.001, 42.007.)

13. *Reckless Indifference and Conscious disregard*: Ambry knew of the probable economic harm and emotional distress that would ensue as a result of the wrongful conduct perpetrated. Yet Ambry willfully and deliberately caused the wrongful conduct, both through its actions and inactions.

14. *Malice:* The conduct of Ambry was committed with malice, including that (a) Ambry acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by terminating Plaintiff's employment and/or taking other adverse job actions against Plaintiff because of their good faith complaints, and/or (b) the conduct of Ambry was despicable and committed in willful and conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination

would cause.

15. *Oppression:* In addition, and/or alternatively, The conduct of Defendant was committed with oppression, including that the actions of Ambry against Plaintiff were cruel and subjected her to unjust hardship and with conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

16. *Fraud:* In addition, and/or alternatively, the conduct of Ambry, as alleged, was fraudulent, including that Ambry asserted false and pretextual grounds for terminating Plaintiff's employment and/or other adverse job actions, thereby causing Plaintiff hardship and deprive her of legal rights or otherwise injure Plaintiff.

17. Further, Ambry is liable for the wrongful acts of its employees, including its supervisory personnel, because Ambry had advance knowledge that these employees were unfit for the purposes of the employment and yet employed these employees with a conscious disregard for the rights or safety of others. (42 U.S.C. § 2000e(b); N.R.S. 42.007.)

## FIRST CLAIM FOR RELIEF

### Workplace Discrimination in Violation of N.R.S. § 613.330

18. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

19. Ambry is an employer, as defined by N.R.S. § 613.310, and thus is prohibited from discriminating against any person with respect to the person's compensation, terms, conditions, or privileges of employment on the basis of any protected status as set forth in N.R.S. § 613 *et seq.* Further, employers must provide a workplace free of discrimination on the basis of these protected statuses.

20. Plaintiff was employed by Ambry.

21. The acts and omissions of Ambry, as more fully set forth herein, constituted discrimination on the bases of a protected status or statuses within the meaning of N.R.S. § 613.330.

22. Plaintiff is within the class of persons that N.R.S. § 613.330 intends to protect and termination of employment on the basis of discrimination is the type of injury prohibited by N.R.S.

§ 613.330.

23. Plaintiff charges that Ambry discriminated against the Plaintiff based on her protected status or statuses.

24. As a direct and proximate result of the violations and conduct described herein, Plaintiff was subjected to unlawful discrimination, loss of her employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

25. Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020, as well as attorneys' fees under N.R.S. § 613.432 and 42 U.S.C. § 2000e-5(k).

26. The acts of Ambry alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Ambry, and to make an example of and deter Ambry from engaging in such conduct in the future.

## SECOND CLAIM FOR RELIEF

### Workplace Discrimination in Violation of 42 U.S.C. § 12112 et seq.

27. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

28. Plaintiff is a member of the class of persons protected by federal statutes prohibiting discrimination based on disability.

29. Ambry, employed Plaintiff, as defined by 42 U.S.C. § 12111(5), and thus was prohibited from discriminating against qualified individuals with disabilities as set forth in 42 U.S.C. § 12112(a).

30. Plaintiff has a disability or disabilities as defined by 42 U.S.C. § 12102(1).

31. Plaintiff was qualified to perform the essential functions of her job, with or without reasonable accommodation.

32. Ambry took adverse employment actions against Plaintiff because of her disability or disabilities, including the decisions to terminate Plaintiff's employment, not to retain, hire, or otherwise employ Plaintiff in any position, and/or to take other adverse employment actions against Plaintiff.

33. The discriminatory acts of Ambry constitute a violation of the Americans with Disabilities Act (ADA), which makes it unlawful for an employer to discriminate against an employee on the basis of disability.

34. The discriminatory acts of Ambry have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

35. The acts of Ambry alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Ambry, and to make an example of and deter Ambry from engaging in such conduct in the future.

36. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

## <u>THIRD CLAIM FOR RELIEF</u>

### Workplace Retaliation in Violation of N.R.S. § 613.340

37. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

38. Plaintiff was employed by Ambry.

39. Plaintiff engaged in protected activity.

40. Ambry was aware of Plaintiff's protected activity.

41. After engaging in protected activity, Plaintiff suffered an adverse employment

action.

42. There is a causal connection between Plaintiff's protected activity and the adverse employment action.

43. The conduct of Ambry alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

44. The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Ambry, and to make an example of and deter Ambry from engaging in such conduct in the future.

45. Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to NRS 18.020, as well as attorneys' fees under NRS 613.432 and 42 U.S.C. § 2000e-5(k).

## FOURTH CLAIM FOR RELIEF

### Retaliation in Violation of 42 U.S.C. § 12203 *et seq.*

46. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

47. Plaintiff is within the class of persons that 42 U.S.C. § 12203 intends to protect and retaliation for engaging in protected activity is the type of injury prohibited by 42 U.S.C. § 12203.

48. Plaintiff was an "employee" of Ambry, as defined by 42 U.S.C. § 12111(4).

49. Ambry was an employer, as defined by 42 U.S.C. § 12111(5), and thus was barred from retaliating against any person for opposing or reporting any unlawful discrimination or harassment against employees on a protected basis as set forth in 42 U.S.C. § 12101 *et seq*. as well as against any person for requesting an accommodation as provided under the same the statute.

50. Plaintiff opposed and reported discriminatory or harassing conduct prohibited by 42

U.S.C. § 12101 *et seq*. and/or requested an accommodation as provided under the same statute.

51. As a result of Plaintiff's complaints regarding, opposition to, and/or requests for accommodation related to these unlawful practices, Ambry engaged in a course of retaliatory conduct, which included subjecting Plaintiff to a hostile work environment.

52. The conduct of Ambry constitutes retaliation in violation of the Americans with Disabilities Act of 1990, as amended, which makes it unlawful for an employer to retaliate against an employee who complains about, opposes discrimination or harassment, or requests an accommodation.

53. The conduct of Ambry alleged herein has caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and has caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

54. The acts of Ambry alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Ambry, and to make an example of and deter Ambry from engaging in such conduct in the future.

55. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

## FIFTH CLAIM FOR RELIEF

### Failure to Provide Reasonable Accommodation in Violation of 42 U.S.C. § 12112(b)(5)

56. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

57. Plaintiff is a member of the classes of persons protected by federal statutes requiring reasonable accommodation for disabilities.

58. Plaintiff was an employee, as defined by 42 U.S.C. § 12111(4).

59. Ambry employed Plaintiff, as defined by 42 U.S.C. § 12111(5), and thus was required to provide reasonable accommodation to qualified individuals with disabilities as set forth in 42 U.S.C. § 12112(b)(5).

60. Plaintiff has a disability as defined by 42 U.S.C. § 12102(1).

61. Plaintiff requested reasonable accommodation for her disabilities

62. Ambry failed to provide reasonable accommodation for Plaintiff's disabilities.

63. The failure of Ambry to provide reasonable accommodation constitutes a violation of the ADA, which makes it unlawful for an employer to fail to provide reasonable accommodation to an employee with a disability.

64. The acts of Ambry alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

65. The acts of Ambry alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Ambry, and to make an example of and deter Ambry from engaging in such conduct in the future.

66. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

**<u>SIXTH CLAIM FOR RELIEF</u>**

**Interference with FMLA Rights in Violation of 29 CFR § 825.220**

67. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

68. Plaintiff is a member of the classes of persons protected by federal statutes prohibiting interference with the exercise of rights under the Family and Medical Leave Act

(FMLA).

69. Plaintiff was an eligible employee, as defined by 29 U.S.C. § 2611(2).

70. Ambry was an employer, as defined by 29 U.S.C. § 2611(4), and thus was barred from interfering with, restraining, or denying the exercise of or the attempt to exercise any rights provided under the FMLA.

71. Plaintiff exercised or attempted to exercise rights provided under the FMLA, including but not limited to requesting and/or taking leave for a serious health condition.

72. As a result of Plaintiff's exercise or attempt to exercise FMLA rights, Ambry engaged in a course of conduct that interfered with, restrained, and/or denied Plaintiff's rights under the FMLA, which included but was not limited to denying leave, discouraging Plaintiff from taking leave, and/or retaliating against Plaintiff for taking or requesting leave.

73. The conduct of Ambry constitutes interference with Plaintiff's rights in violation of the Family and Medical Leave Act of 1993, as amended, which makes it unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any rights provided under the FMLA.

74. The acts of Ambry alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

75. The acts of Ambry alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Ambry, and to make an example of and deter Ambry from engaging in such conduct in the future.

76. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

## SEVENTH CLAIM FOR RELIEF

**Intentional Infliction of Emotional Distress**

77. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

78. By its actions described hereinabove, Ambry intentionally and/or recklessly subjected Plaintiff to severe mental and emotional distress.

79. The conduct of Ambry caused Plaintiff to endure and sustain actual damages, including financial hardship and grievous mental and emotional suffering in the form of worry, fear, anguish, shock, nervousness, stress, and anxiety in an amount subject to proof at trial.

80. The actions of Ambry were intentional and done with the willful disregard for the well-established and well-known legal rights of the Plaintiff. As a direct and proximate result of these actions, Plaintiff has been damaged, and will continue to be damaged in an amount to be proven at trial. The actions of Ambry were done willfully, oppressively, maliciously and in callous indifference to the Plaintiff's rights and therefore, the Plaintiff should be awarded punitive damages.

81. Due to this action, it has been necessary for Plaintiff to expend court costs. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020.

///

///

///

///

///

///

///

///

///

///

///

///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For compensatory damages and other special and general damages according to proof, including, without limitation, lost earnings, salary, bonuses, and other job benefits Plaintiffs would have received but for Defendant's wrongful conduct;

2. Liquidated damages;

3. Emotional distress damages;

4. Punitive and exemplary damages in an amount sufficient to punish Defendant, and to make an example of and deter Defendant from engaging in such conduct in the future;

5. For an award of reasonable attorneys' fees and costs incurred in this action;

6. For pre-judgment and post-judgment interest, as provided by law; and

7. For other and further relief as the Court may deem just and proper.

DATED: July 15, 2025

GREENBERG GROSS LLP

By: *\/s/ Jemma E. Dunn*
Jemma E. Dunn
Matthew T. Hale

Attorneys for Plaintiff
Amber Marie Graham

**DEMAND FOR JURY TRIAL**

Plaintiff Amber Marie Graham hereby demands a jury trial.

DATED: July 15, 2025

GREENBERG GROSS LLP

By: */s/ Jemma E. Dunn*

Jemma E. Dunn
Matthew T. Hale

Attorneys for Plaintiff
Amber Marie Graham